UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
MOHAMMED EL AALAOUI,                          :
                                              :
        Plaintiff,                           :
                                              :     Civil Action No. 19-773
  - against -                                  :
                                              :     **COMPLAINT**
                                              :
LUCKY STAR GOURMET DELI INC.;                 :
305 GROCERY DELI CORP.; OMAR                  :
ALLHABI; HAMDI ALLHABI; AHMED                 :
ALZABIDI,                                     :
                                              :
        Defendants.                         :
------------------------------------------------------- x

1.    Plaintiff Mohammed El Aalaoui ("Plaintiff" or "El Aalaoui"), files this Complaint against defendants Lucky Star Gourmet Deli Inc., 305 Grocery Deli Corp., Omar Allhabi, Hamdi Allhabi, AND Ahmed Alzabidi, (collectively "Defendants") and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

2.    This lawsuit seeks to recover minimum wage, overtime compensation, and spread-of-hours pay, as well as penalties and damages for failure to provide an annual wage notice and periodic wage statements

3.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.    Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he

is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day he worked in excess of ten (10) hours; (3) civil penalties for failure to provide proper wage notices and statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7.      Plaintiff is an adult individual who is a resident of Bronx, New York.

8.      Plaintiff was employed by Defendants as a Deli Worker working for the Defendants from on or about May 22, 2016 to August 19, 2018.

9.      Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

10.     Defendants have employed and/or jointly employed Plaintiff within the meaning of the FLSA and NYLL.

11.     Each Defendant had substantial control over Plaintiff's working conditions.

12. Each Defendant was responsible for the unlawful policies and practices alleged herein.

13. Each Defendant had the authority to correct the unlawful policies and practices alleged herein.

14. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff at all times relevant.

15. During all relevant times, Defendants' operations have been interrelated and unified.

## LUCKY STAR GOURMET DELI INC.

16. Together with the other Defendants, Defendant Lucky Star Gourmet Deli Inc. ("Lucky Star") was and is a domestic limited liability corporation organized and existing under the laws of New York.

17. Lucky Star's service of process address according to the New York State Department of State ("NYSDOS") is 856 East 180th Street, Bonx, New York, 10460 and NYDOS records list Defendant Ahmed Alzabidi as Lucky Star's CEO.

18. Lucky Star is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

19. Lucky Star at all relevant times had maintained control, oversight, and direction over Plaintiff.

20. Upon information and belief, at all relevant times Lucky Star's annual gross volume of sales made or business done was not less than $500,000.00.

## 305 GROCERY DELI CORP.

21. Together with the other Defendants, defendant 305 Grocery Deli Corp ("305

Corp"), was and is a domestic limited liability corporation organized and existing under the laws of New York, with service of process address according to the New York State Department of State ("NYSDOS") of 305 East 181st Street, Bronx, NY 10457.

22.     305 Corp is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

23.     305 Corp at all relevant times had maintained control, oversight, and direction over Plaintiff.

24.     Upon information and belief, at all relevant times 305 Corp's annual gross volume of sales made or business done was not less than $500,000.00.

### AHMED ALZABIDI

25.     Defendant Ahmed Alzabidi is one of the owners of the enterprise and in that capacity he employed or was otherwise responsible for the scheduling, hiring, termination terms & conditions of employment, compensation and/or overall pay practices applicable to Plaintiff's employment.

### OMAR ALLHABI

26.     Defendant Omar Allhabi is one of the owners of the enterpise and in that capacity she employed or was otherwise responsible for the scheduling, hiring, termination terms & conditions of employment, compensation and/or overall pay practices applicable to Plaintiff's employment.

27.     Defendant Omar Allhabi was at all relevant times present at the workplace, serving in a supervisory and management role.

### HAMDI ALLHABI

28.     Defendant Hamdi Allhabi is one of the owners of the enterprise and in that

capacity he employed or was otherwise responsible for the scheduling, hiring, termination terms & conditions of employment, compensation and/or overall pay practices applicable to Plaintiff's employment.

29. Defendant Hamdi Allhabi was at all relevant times present at the workplace, serving in a supervisory and management role.

## STATEMENT OF FACTS

30. In or about May 2016, Defendants hired Plaintiff to work as a non-exempt employee at the deli located at 856 East 180th Street, Bronx, NY and at the deli located at 305 East 181st Street, Bronx, NY.

31. During the relevant statutory period, i.e., the six years preceding the filing of this complaint, Defendants instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of seven (7) days a week, twelve hours each day for wages of six hundred dollars per week.

32. Defendants did not pay Plaintiff the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

33. Defendants constantly suffered or permitted Plaintiff to work over 40 hours per workweek.

34. Plaintiff worked as many as 84 hours per week as a deli worker.

35. Plaintiff worked in excess of ten hours per day but was never provided the compensation required by New York's spread of hours law.

36. Defendants knowingly and willfully operated their business with a policy of not

paying Plaintiff either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

38. Defendants did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

39. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

40. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

41. Plaintiff performed work directly essential to the businesses operated by Defendants.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "41" of this Complaint as if fully set forth herein.

43. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

45. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

46. Plaintiff was entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

47. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

48. Defendants failed to pay Plaintiff minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

50. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week,

when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective members.

52. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

53. Defendants failed to properly disclose or apprise of his rights under the FLSA.

54. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay**

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "56" of this Complaint as if fully set forth herein.

58. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty

(40) hours in a workweek.

60. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

61. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

62. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

63. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

64. Defendants failed to keep true and accurate records of hours worked by Plaintiff, , the wages paid to Plaintiff, , and other similar information in contravention of New York Labor Law § 661.

65. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

66. At the time of their hiring, Defendants failed to notify Plaintiff of his rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

67. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to

9

recover from Defendants the difference between his actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, and "spread of hours" premium.

68. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

69. Plaintiff is also entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

### COUNT III: NYLL - Notice and Periodic Wage Statements

70. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "69" of this Complaint as if fully set forth herein.

71. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1 ), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

72. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et

seq., and the supporting New York State Department of Labor Regulations.

73. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

74. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

75. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each week that Defendants failed to provide Plaintiff and with wage notices during the period of Plaintiff's employment when the annual wage notice was required by § 195(1), or a total of two thousand five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, respectfully requests that this Court grant the following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;
ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;
iii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;
iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;
v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;
vi. An award of prejudgment and post-judgment interest;
vii. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and
viii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
January 21, 2019

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Mohammed El Aalaoui*