UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
MOHAMMED EL AALAOUI,

        Plaintiff,

     - against -

LUCKY STAR GOURMET DELI INC.;
305 GROCERY DELI CORP.; OMAR
ALLHABI; HAMDI ALLHABI; AHMED
ALZABIDI,

        Defendants.
------------------------------------------------- x

Civil Action No. 19-00773-ALC

**DECLARATION OF MOHAMMED GANGAT, ESQ. IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT**

I, MOHAMMED GANGAT, ESQ., hereby declare under penalty of perjury:

1. I am counsel to plaintiff Mohammed El Aalaoui ("Plaintiff") in the above-referenced matter. I submit this declaration in support of Plaintiff's request for a certificate of default against defendants Lucky Star Gourmet Deli Inc., 305 Grocery Deli Corp., Omar Allhabi, and Hamdi Allhabi, (collectively, the "Defendants") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1. I have personal knowledge of the facts set forth in this declaration.

2. I note that one additional defendant was named in this action, defendant Ahmed Alzabidi. Plaintiff has been unable to successfully serve this defendant. Plaintiff does not intend to seek a certificate of default against this defendant, and Plaintiff intends to voluntarily withdraw its claims against this defendant.

3. Plaintiff commenced this action with the filing of a summons and complaint on January 25, 2019.

4. The time for Defendants to answer or otherwise respond to the complaint has

expired.

5. Defendants have not answered or otherwise moved with respect to the complaint, and the time for Defendants to answer or otherwise move has not been extended.

6. Service was commenced against corporate Defendant Lucky Star Gourmet Deli Inc. in accordance with F.R.C.P. 4(h)(1)(A), and F.R.C.P. 4(e)(1), which provides that a corporate defendant may be served pursuant to state procedure. Here, service on Defendant Lucky Star Gourmet Deli Inc. was commenced in accordance with C.P.L.R. § 311 and Business Corporations Law § 306 in that a copy of the Summons and Complaint was delivered to the Secretary of State at the office of the Department of State in the city of Albany, together with duplicate copies of such process and together with the statutory fee. *See* ECF Doc. No. 13 (Affidavit of Service). Service was accepted by Secretary of State on February 20, 2019. Lucky Star Gourmet Deli Inc.'s deadline to answer or otherwise response was March 13, 2019. Lucky Star Gourmet Deli Inc. has not appeared in this action as of this filing.

7. Service was commenced against corporate Defendant 305 Grocery Deli Corp. in accordance with F.R.C.P. 4(h)(1)(A), and F.R.C.P. 4(e)(1), which provides that a corporate defendant may be served pursuant to state procedure. Here, service on Defendant 305 Grocery Deli Corp. was commenced in accordance with C.P.L.R. § 311 and Business Corporations Law § 306 in that a copy of the Summons and Complaint was delivered to the Secretary of State at the office of the Department of State in the city of Albany, together with duplicate copies of such process and together with the statutory fee. *See* ECF Doc. No. 14 (Affidavit of Service). Service was accepted by Secretary of State on February 20, 2019. 305 Grocery Deli Corp.'s deadline to answer or otherwise respond was March 13, 2019. 305 Grocery Deli Corp. has not appeared in this action as of this filing.

8. Service was commenced against Defendant Omar Allhabi in accordance with F.R.C.P. 4(e)(1) and with C.P.L.R. § 308(2) in that an individual certified to serve process in the State of New York, attempted to serve the summons to Defendant Omar Allhabi's within the state of New York, and failing to do so, delivered a copy of the Summons and Complaint to a person of suitable age and discretion at this defendant's actual place of business and followed that up by mailing a copy of the same using first class US Mail to that address, with said mailing being in an envelope bearing the legend "Personal and Confidential," and not indicating on the outside thereof that the communication was from an attorney or concerns an alleged debt. *See* ECF Doc. No. 15 (Affidavit of Service).  This service was completed on February 15, 2019.  Omar Allhabi's deadline to answer or otherwise respond was March 8, 2019.   Omar Allhabi has not appeared in this action as of this filing.

9. Service was commenced against Defendant Hamdi Allhabi in accordance with F.R.C.P. 4(e)(1) and with C.P.L.R. § 308(2) in that an individual certified to serve process in the State of New York, attempted to serve the summons to Defendant Hamdi Allhabi's within the state of New York, and failing to do so, delivered a copy of the Summons and Complaint to a person of suitable age and discretion at this defendant's actual place of business and followed that up by mailing a copy of the same using first class US Mail to that address, with said mailing being in an envelope bearing the legend "Personal and Confidential," and not indicating on the outside thereof that the communication was from an attorney or concerns an alleged debt. *See* ECF Doc. No. 16 (Affidavit of Service).   This service was completed on February 15, 2019.  Hamdi Allhabi's deadline to answer or otherwise response was March 8, 2019.   Hamdi Allhabi has not appeared in this action as of this filing.

10. Pursuant to Local Rule 55.1, I affirm that none of the parties against whom the

Certificate of Default is being sought is an infant, in the military or an incompetent person. This affirmation is based on the information provided to me by the Plaintiff, and the process servers who served the Summons and Complaint on the Defendants.

11. Accordingly, Plaintiff requests that the Clerk of the United States District Court for the Southern District of New York enter a default in this action as to Defendants Lucky Star Gourmet Deli Inc., 305 Grocery Deli Corp., Omar Allhabi, and Hamdi Allhabi.

Dated: January 17, 2020
New York, NY

*/s/ Mohammed Gangat*
MOHAMMED GANGAT, ESQ.