UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MOHAMMED EL AALAOUI,  :
 :
               Plaintiff,  :    No. 19-00773-ALC
 :
v.  :    **DECLARATION OF ATTORNEY MOHAMMED GANGAT, ESQ. IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**
 :
LUCKY STAR GOURMET DELI INC.; 305 GROCERY DELI CORP.; OMAR ALLHABI; HAMDI ALLHABI; AHMED ALZABIDI,  :
 :
 :
               Defendants.  :
------------------------------------------------------------ x

I, MOHAMMED GANGAT, pursuant to 28 USC 1746, hereby declare under penalty of perjury:

1. I am counsel to plaintiff Mohammed El Aalaoui ("Plaintiff") in the above-referenced matter. I submit this declaration in support of Plaintiff's Motion for Default Judgement against defendants Lucky Star Gourmet Deli Inc.; 305 Grocery Deli Corp., Omar Allhabi and Hamdi Allhabi; pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Local Civil Rule 55.2(b), and the individual rules and practices of assigned district judge Hon. Andrew L. Carter.

2. I have personal knowledge of the facts set forth in this declaration.

3. This is an action for pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), to recover from the Defendants: (1) unpaid overtime compensation, plus liquidated damages on that amount, prejudgment and post-judgment interest, and attorneys' fees and costs; and statutory penalties arising out of the employer's failure to provide required wage notices in statements in accordance with the New York Wage Theft Prevention Act.

**BASIS FOR DEFAULT**

4. Plaintiff commenced this action with the filing of a complaint on January 25, 2019. [ECF #1] A true and correct copy of the complaint is attached as Exhibit A.

5. The Clerk of Court issued a summons for each Defendant on January 28, 2019. [ECF #8-12] True and accurate copies of the summonses are attached hereto at Exhibit B.

6. Service was commenced against corporate Defendant Lucky Star Gourmet Deli Inc. ("Lucky Star") in accordance with F.R.C.P. 4(h)(1)(A), and F.R.C.P. 4(e)(1), which provides that a corporate defendant may be served pursuant to state procedure. Here, service on Defendant Lucky Star Gourmet Deli Inc. was commenced in accordance with C.P.L.R. § 311 and Business Corporations Law § 306 in that a copy of the Summons and Complaint was delivered to the Secretary of State at the office of the Department of State in the city of Albany on February 20, 2019, together with duplicate copies of such process and together with the statutory fee. [ECF #13] A true and correct copy of the Affidavit of Service is attached as Exhibit C.

7. Lucky Star's deadline to answer or otherwise respond to the Complaint was March 13, 2019. Lucky Star has not appeared in this action as of this filing, which is January 30, 2020.

8. Service was commenced against corporate Defendant 305 Grocery Deli Corp. ("305 Deli") in accordance with F.R.C.P. 4(h)(1)(A), and F.R.C.P. 4(e)(1), which provides that a corporate defendant may be served pursuant to state procedure. Here, service on Defendant 305 Grocery Deli Corp. was commenced in accordance with C.P.L.R. § 311 and Business Corporations Law § 306 in that a copy of the Summons and Complaint was delivered to the Secretary of State at the office of the Department of State in the city of Albany, together with duplicate copies of such process and together with the statutory fee. [ECF #14] A true and correct copy of the Affidavit of Service is attached as Exhibit D. Service was accepted by Secretary of State on February 20, 2019. 305 Grocery Deli Corp.'s deadline to answer or otherwise respond was March 13, 2019. 305 Grocery Deli Corp. has not appeared in this action as of this filing.

9. Service was commenced against Defendant Omar Allhabi in accordance with F.R.C.P. 4(e)(1)

    and with C.P.L.R. § 308(2) in that an individual certified to serve process in the State of New York, attempted to serve the summons to Defendant Omar Allhabi's within the state of New York, and failing to do so, delivered a copy of the Summons and Complaint to a person of suitable age and discretion at this defendant's actual place of business and followed that up by mailing a copy of the same using first class US Mail to that address, with said mailing being in an envelope bearing the legend "Personal and Confidential," and not indicating on the outside thereof that the communication was from an attorney or concerns an alleged debt. [ECF #15]  A true and correct copy of the Affidavit of Service is attached as Exhibit E. This service was completed on February 15, 2019.  Omar Allhabi's deadline to answer or otherwise respond was March 8, 2019.   Omar Allhabi has not appeared in this action as of this filing.

10.   Service was commenced against Defendant Hamdi Allhabi in accordance with F.R.C.P. 4(e)(1) and with C.P.L.R. § 308(2) in that an individual certified to serve process in the State of New York, attempted to serve the summons to Defendant Hamdi Allhabi's within the state of New York, and failing to do so, delivered a copy of the Summons and Complaint to a person of suitable age and discretion at this defendant's actual place of business and followed that up by mailing a copy of the same using first class US Mail to that address, with said mailing being in an envelope bearing the legend "Personal and Confidential," and not indicating on the outside thereof that the communication was from an attorney or concerns an alleged debt. [ECF #16**]**  A true and correct copy of the Affidavit of Service is attached as Exhibit F. This service was completed on February 15, 2019.  Hamdi Allhabi's deadline to answer or otherwise response was March 8, 2019.   Hamdi Allhabi has not appeared in this action as of this filing.

11.   Plaintiff obtained a certificate of default from the Clerk of Court against Defendants.  [ECF #23.]  A true and accurate copy of this Clerk's Certificate of Default is attached hereto as Exhibit I.

## PLAINTIFF IS ENTITLED TO ENTRY OF DEFAULT JUDGMENT

12. Dispositions of motions for default judgment are left to the sound discretion of the district court. Shah v New York State Department of Civil Service, 168 F. 3d 610, 615 (2d Cir. 1999). In civil cases, where a party fails to respond, after notice, the court is ordinarily justified in entering a judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2); see also Bermudez v. Reid, 733 F. 2d 18, 21 (2d Cir. 1984).

## DEFAULT APPLICABLE TO FEWER THAN ALL DEFENDANTS

13. Plaintiff seeks default judgment against only four of the five named defendants. Plaintiff is not seeking a default judgment against defendant Ahmed Alzabidi. Plaintiff has filed a notice of voluntary withdrawal against this defendant because Plaintiff has been unable to serve him and does not seek to prosecute this action against him. In the circumstances the court may appropriately enter a default judgment on the issue of damages against the remaining defendants.

## FACTUAL BASIS FOR DAMAGES

14. This is an action seeking to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); and to recover statutory penalties for violations of New York State's Wage Theft Prevention Act ("NYWTPA").

15. This Court has subject matter jurisdiction over the FLSA claim because the claim arises under a federal statute, and therefore there is original federal question jurisdiction over this controversy pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. §§ 1331, 1337 and 1343. This Court can and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims and Plaintiff's FLSA claim arise from a common nucleus of operative fact.

16. This Court has personal jurisdiction over each of the Defendants because: (i) Defendant Lucky Star Gourmet Deli Inc. is domestic business corporation organized and existing under the laws of

the New York, Ex. A, Compl. ¶16; Ex. G (Department of State Records); (ii) Defendant 305 Grocery Deli Corp. is a domestic business corporation organized and existing under the laws of the New York, Ex. A., Compl. ¶23, Ex. H (Department of State Records); and (iii) defendants Omar Allhabi and Hamdi Allhabi each owned and operated the New York deli business where Plaintiff worked and which is at issue in this action. Ex. A, Compl. ¶26-29.

17. Defendants employed Plaintiff as a deli worker at their two delis, located at 856 East 180th Street and the other located at 305 East 181st Street, Bronx, NY. Compl. ¶30; Affidavit of Plaintiff Mohammed El Aalaoui, dated January 31, 2020 ("Pl. Aff.") ¶4.

18. Plaintiff worked for Defendants from approximately May 22, 2016 to approximately August 19, 2018. Pl. Aff. ¶3; *see* Compl. ¶30.

19. Plaintiff worked 7 days per week, 12 hours each day. Compl. ¶31; Pl. Aff. ¶5.

20. Plaintiff was a paid a weekly rate of $600 per week. *Id*.

21. Plaintiff's duties were to prepare deli foods for customers and process customer transactions. Pl. Aff. ¶7.

22. At all times relevant to Plaintiff's employment with the Defendants, the Individual Defendants controlled, supervised and directed Plaintiff with respect to the work he performed as employees of the deli business, and the Individual Defendants had the power to hire, fire, and set the wages and hours of Plaintiff. Compl. ¶26-29; Pl. Aff. ¶6.

23. Defendants intentionally failed to provide Plaintiff with any documentation of his wages as required by the NYLL. Compl. ¶71-72; *see* Pl. Aff. ¶9.

24. Defendants intentionally failed, in making each payment of wages, to provide a written statement stating the dates of work the wages covered, the name of the employer, address of the employer, rate of pay and the basis for it, gross wages, deductions, allowances claimed as part of the minimum

wage, net wages, overtime rate of pay, and the number of overtime hours. Compl. ¶73-74; *see* Pl. Aff. ¶10.

## PLAINTIFF IS ENTITLED TO DAMAGES

## WITHOUT THE NEED FOR AN INQUEST HEARING

25. Where defendants have defaulted, plaintiffs need only demonstrate the extent of their damages, and need not "introduce any evidence whatever in support of the allegations of [their] complaint." Boyke v. Superior Credit Corp., No. 01 Civ. 0290, at *4, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28, 2006). "At most, all that defendant can do is question the extent of the damages suffered by plaintiff." *Id*. at *4-5.

26. A court need not hold a hearing on damages. The Court "may, but need not, make the determination [of damages] through a hearing. Rather, ... the court may rely on detailed affidavits or documentary evidence to evaluate the proposed sum." Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

27. "[W]here the employer has defaulted, the courts have held that the plaintiff[s]' recollection and estimates of hours worked are presumed to be correct." Pavia v. Around the Clock Grocery, Inc., No. 03 Civ. 6465, 2005 U.S. Dist. LEXIS 43229, at* 18 (E.D.N.Y. Nov. 15, 2005) (quoting Zeng Liu v. Jen Chu Fashion Corp., No. 00 Civ. 4221, 2004 U.S. Dist. LEXIS 35, at* 8-9 (S.D.N.Y. Jan. 7, 2004)).

28. Here, because Defendants have defaulted, Plaintiff's representations in his Complaint concerning hours worked and wages owed are taken as correct. Therefore, Plaintiff is entitled to damages in accordance with those representations, and in the amounts set forth in this Affidavit. Because the Plaintiff substantiates his damages with this attorney affidavit, the allegations in the complaint, and his own sworn affidavit, a separate inquest is superfluous. Fermin v. Las Delicias Peruanas

Rest.,Inc., 93 F. Supp. 3d 19, 29 (E.D.N.Y. 2015). Thus, the Court can and should determine damages without an evidentiary hearing.

### DAMAGES AND BASIS FOR EACH ELEMENT OF DAMAGES

29. Defendants failed to pay Plaintiff required wages. Specifically, Defendants failed to pay Plaintiff one and one-half times the greater of: the minimum wage or his regular rate of pay, for each hour of work over 40 hours per week. This is a violation of 29 U.S.C. § 207.

30. Here, the regular rate applies. To calculate "the regular hourly rate of pay, on which time and a half must be paid," the workweek-equivalent salary is divided "by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a). "There is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *See Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999). Here the presumption is not rebutted. Further, Plaintiff states in his affidavit that he "never had any written or oral agreement with any of the Defendants concerning whether my $600 weekly wages were intended to compensate for overtime hours." Pl. Aff. ¶11.

31. Plaintiff was paid $600 per week for each workweek and worked 72 hours per week, working a regular schedule of six days of work, 12 hours per day, and continuously from approximately May 22, 2016 to approximately August 19, 2018. *See infra* p. 5, ¶16-18.

32. Plaintiff's regular rate of pay is the weekly pay divided by the 40 hours, i.e., $600 divided by 40 = $15 per hour. This makes the overtime rate $22.50 per hour.

33. Plaintiff unpaid overtime is a straight forward calculation of the number of week worked, multiplied by overtime hours per week multiplied by the overtime rate. The number of weeks worked is 117 and the overtime hours each week is 32. *See infra* p. 5, ¶16-18. The calculation is

as follows: 117 weeks x 32 hours x $22.50 per hour = $84,240.

34. Defendants violations of the FLSA's overtime provisions mean they also violated the NYLL's overtime provision and the calculation for these damages is the same. Plaintiff thus seeks an award of $84,240 for unpaid overtime wages. In addition, Plaintiff seeks liquidated damages in an equivalent amount, plus prejudgment interest and post judgment interest and attorneys' fees and costs.

35. *Liquidated Damages* Both the FLSA and the NYLL provide for liquidated damages in addition to actual damages. Under the FLSA, an employer who violates the minimum wage and overtime requirements are liable for the unpaid wages "and an additional equal amount as liquidated damages," *i.e.*, 100 %. 29 U.S.C. § 216(b). Unless the employer shows that the failure to pay lawful wages "was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation," liquidated damages are to be awarded. 29 U.S.C. § 260; *See Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). Since "[t]he [employer's] burden is a difficult one to meet," awarding liquidated damages is "the norm, single damages the exception." *Reich*, quoting *Brock v. Wiamowsky*, 833 F.2d 11, 19 (2d Cir. 1997) (internal quotations omitted). Under the NYLL, the employer owes liquidated damages constituting an additional 100 percent of the total wages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1–a); NYLL § 663.

36. Here, Plaintiff has alleged that the employer willfully violated the overtime law and therefore liquidated damages are due. Ex. A, Compl. ¶48-51.

37. Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and

207(a). Ex. A., Compl. ¶22. Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Id.

38. *Prejudgment Interest*. Prejudgment interest accrues at 9% per annum on a simple interest basis. CPLR § 5004. Section 5001 of the New York Civil Practice Law and Rules ("CPLR") provides that "[w]here such damages were incurred at various times, [prejudgment] interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR § 5001 (b).

39. Where defendants are in "default, it is appropriate to calculate prejudgment interest based on assumptions and methodologies that are favorable to plaintiffs." See Zeng Liu, et al. v. Jen Chu Fashion Corp. et al, 2004 U.S. Dist. LEXIS, at *16-17. Prejudgment interest is available for unpaid minimum wages and overtime claims under the New York Labor Law. See Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883, at * 26-28 (S.D.N.Y. May 8, 2007); Zeng Liu, *supra*, 2004 U.S. Dist. LEXIS, at *16-17. It is available even where the plaintiff is awarded liquidated damages under the Labor Law. Id.

40. Prejudgment interest is equally available for unpaid wage claims under the FLSA. See Perera v. Food Jungle, Inc., No. 05 Civ. 4347, 2006 U.S. Dist. LEXIS 73409, at *29-30 (E.D.N.Y. Aug. 7, 2006). However, prejudgment interest generally is only awarded under the FLSA in the absence of an award of liquidated damages under the FLSA. Chan, supra, 2007 U.S. Dist. LEXIS 33883, at *26.

41. Here, Plaintiff incurred unpaid overtime compensation at different times - i.e., each week in which Plaintiff should have received his unpaid wages . In such a situation, it is reasonable to calculate prejudgment interest from the "midpoint of the accrual of damages." Zeng Liu, *supra*, 2004 U.S. Dist. LEXIS, at *16-17; Food Jungle, *supra*, 2006 U.S. Dist. LEXIS 73409, at* 29-30.

42. A "reasonable intermediate date" from which to calculate prejudgment interest on Plaintiffs' unpaid wages damages is "halfway between when [plaintiffs] began and ceased working for the defendants." Food Jungle, 2006 U.S. Dist. LEXIS 73409, at* 29-30.; CPLR § 5001 (b). The halfway point in Plaintiff's period of employment is approximately July 5, 2017. Accordingly, prejudgment interest on Plaintiffs' unpaid wages and overtime compensation under the NYLL should be calculated at 9% per annum from this midpoint date through the date of judgment in this matter.

43. Attorney's Fees and Expenses. The FLSA and NYLL both permit successful claimants to obtain reimbursement of their attorneys' fees and costs. 29 U.S.C. § 216(b); NYLL § 663(1).

44. Plaintiff requests $4,095 in attorneys' fees. These fees - based on an hourly rate of $350 per hour and 11.7 hours of attorney time - are reasonable, in accord with the prevailing rates in this community, and necessary to the prosecution of this action. See Gutman v. Klein, No. 03 Civ. 1570, 2009 U .S. Dist. LEXIS 123057, at *8 (E.D.N.Y. Oct. 13, 2009) (approving hourly rates of $300 and $400 for partners); Lochren v. County of Suffolk, No. 01 Civ. 03925, 2010 U.S. Dist. LEXIS 28288, at *7 (E.D.N.Y. March 23 , 2010) (awarding attorney with fifteen years of experience an hourly rate of $400); Pinzon v . Paul Lent .Mechanical Systems, Inc ., No. 11 Civ. 3384, 2012 U.S. Dist. LEXIS 134122, at *16-17 (E.D.N.Y. Aug. 21, 2012) (awarding partner an hourly rate of $400); EBY Solutions, Inc . v. Schwartz, No. 11 Civ. 0947, 2011 U.S. Dist. LEXIS 151585, at *18-19 (E.D.N.Y. Nov. 17, 2011) (approving hourly rate of $400 for partners); GMG Transwest Corp. v. PDK Labs, Inc., No. 07 Civ. 2548, 2010 U.S. Dist. LEXIS 108581 at *3 (E.D.N.Y. Oct. 12, 2010) (prevailing hourly rates for partners in Eastern District is between $350 and $450; awarding two partners hourly rates of $400 and $450, respectively).

45. As the attorney in charge of prosecuting this action, I attach hereto a timesheet reflecting my work

in this matter, see Exhibit J. I further note that I am a 2009 graduate of Georgetown Law School and have been practicing in New York since 2012.

46. Plaintiffs seeks an award of costs of $620, which consists of a $400 filing fee and $220 in process server fees. These are "reasonable out of pocket expenses ... which are normally charged to fee-paying clients," which warrant reimbursement. Boyke, supra, 2006 U.S. Dist. LEXIS 93928, at* 32-33.

47. *Defendants are Liable for Their Failure to Provide Plaintiffs with the Statutorily-Required Wage Statements and Wage Notices.* Pursuant to NYLL § 195(3), since April 9, 2011, employers have been required to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee. *See* NYLL § 195(3).

48. Pursuant to NYLL § 195(1)(a), also since April 9, 2011, employers have been required to provide employees with wage notices at the time of hire containing certain statutorily-required information. NYLL § 195(l)(a) (in effect prior to February 27, 2015).

49. Failure to issue proper wage statements and wage notices constitutes a violation of these section for which employers are liable for statutory penalties. *See* NYLL § 198(1-b), (1-d).

50. Here, Plaintiff has adequately alleged that, throughout his employment, Defendants failed to provide him with proper wages notices and wage statements as required by the NYLL. Ex. A, Compl., ¶ 70-76. As such, Plaintiff is entitled to receive statutory damages for Defendants' above-mentioned violations. NYLL § 198(1-b), (1-d).

51. Because Plaintiff never received the required wage notice and wage statements, Plaintiff's length of employment qualifies him to receive the statutory maximum of $10,000.00 in damages. In other words, the statutory maximum is due in this case because Plaintiff worked in excess of 100 days

beyond the first ten days of employment for the purpose of notice of pay rate upon hire requirement, and Plaintiff worked over 20 days beyond when his first wage statement was due for the purpose of the wage statement requirement.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully move the Court to:

a.  Enter a default judgment against Defendants pursuant to Rule 55(b);

b.  Award Plaintiff Mohammed El Aalaoui Judgment in the amount of $84,240 in unpaid overtime wages, $84,240.00 in liquidated damages, $10,000 in NYLL notice of pay and wage statement violations, prejudgment interest at the statutory rate starting from July 5, 2017, postjudgment interest, attorneys fees in the amount of $4,095, and reimbursement of expenses in the amount of $620; and

c.  Award Plaintiff such other and further relief as the Court deems just and proper.

Dated: January 30, 2020
New York, NY

*/s/ Mohammed Gangat*
MOHAMMED GANGAT, ESQ.
675 Third Avenue, Suite 1810, New York, NY
(718) 669-0714

*Counsel for Plaintiff*