UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------- x
MOHAMMED EL AALAOUI,                : Civil Action No. 19-773-ALC
                                    :
             Plaintiff,             :
                                    :
   - against -                      : **AFFIDAVIT OF PLAINTIFF IN**
                                    : **SUPPORT OF MOTION FOR**
LUCKY STAR GOURMET DELI INC.;       : **DEFAULT JUDGMENT**
305 GROCERY DELI CORP.; OMAR        :
ALLHABI; HAMDI ALLHABI;             :
AHMED ALZABIDI,                     :
                                    :
             Defendants.            :
---------------------------------------------------- x

STATE OF NEW YORK         )
                          )ss:
COUNTY OF NEW YORK   )

  MOHAMMED EL AALAOUI, being duly sworn, deposes and says:

  1. I am the Plaintiff in this case and submit this affidavit in support of my motion for default judgement against defendants Lucky Star Gourmet Deli Inc.; 305 Grocery Deli Corp.; Omar Allhabi; and Hamdi Allhabi (collectively, the "Defendants").

  2. In or about May 2016, I began working as a deli worker for a deli business owned and operated by Defendants Omar Allhabi and Hamdi Allhabi.

  3. This employment ended in or about August 2018. To the best of my recollection the precise dates of the employment were from between May 22, 2016 to August 19, 2018.

  4. Their business consisted of two stores, to my knowledge, one located at 856 East 180th Street and the other located at 305 East 181st Street, Bronx, NY. I worked at both stores during the time I worked for them.

  5. Throughout the employment I worked a regular schedule of 7 days per week, 12 hours each day, and was paid a weekly rate of $600.

6. Omar Allhabi and Hamdi Allhabi were in charge in that they told me what to do, when to come to work and leave, and decided how much to pay me. It was my understanding that each of them, independent had the power to hire me, fire me, control my working conditions, set my schedule and determine my pay.

7. As a deli worker, my primary responsibilities were to prepare deli foods for customers and conduct sales to customers.

8. I was never provided me with a written notice of my regular hourly pay rate or overtime hourly pay rate or any other written notice concerning my wages and hours at the employment.

9. I never received any written notice at the time I was hired or afterward about my pay rate and what it was based on, any allowances such as for meals, my regular payday, the name of the employer, any "doing business as" names used by the employer; the physical and mailing address of the employer's main office or principal place of business, or my employer's telephone number.

10. I also did not receive any written statements each time I got paid which stated the dates of work that the wages covered, my name, my employer's name, my employer's address and phone number, my rate of pay and the basis for it, gross wages, deductions, allowances claimed as part of the minimum wage, net wages, overtime rate of pay, and the number of overtime hours worked.

11. I never had any written or oral agreement with any of the Defendants concerning whether my $600 weekly wages were intended to compensate me for my overtime hours.

12. I calculate my unpaid overtime by first calculating my regular hourly rate by taking my $600 weekly rate and dividing it by 40, which comes out to $15 per hour.

13. I calculate my overtime rate by multiplying $15 by 1.5, which is $22.50.

14. I then multiply my overtime rate by the number of unpaid overtime hours I worked during the employment. Each week I worked 44 overtime hours. During the employment, I worked approximately 117 weeks. That comes out to a total of 5,148 overtime hours, or $115,830.

15. In addition to $115,830 in unpaid overtime, I am also seeking an equivalent amount on liquidated damages; prejudgment interest calculated at 9% on the unpaid overtime from the midpoint of

my employment period; attorneys fees and expenses incurred in the prosecution of this action; and statutory penalties for violations of the Wage Theft Prevention Act.

I declare under penalty of perjury that this information is true and correct.

Dated: New York, New York
January 31, 2020

_____
MOHAMMED EL AALAOUI

Sworn to before me this
31th day of January  2020

_____
NOTARY PUBLIC

Mohammed A. Gangat
Notary Public, NY, Nassau Cty.
No. 02GA6348633
Exp. 10/03/20

Mohammed A. Gangat
Notary Public, NY, Nassau Cty.
No. 02GA6348633
Exp. 10/03/20