# Law Office of Mohammed Gangat

*Representing Employees in Employment and Discrimination Law and Related Litigation*

**March 10, 2020**

675 Third Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatpllc.com

*via ECF*

Hon. Lewis J. Liman, USDJ
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

                Re:    *El Aalaoui v. Lucky Star Gourmet Deli Inc. et al.*, 19-cv-773-LJL

Greetings:

    I represent plaintiff Mohammed El Aalaoui ("Plaintiff"). I write to make an application to restore this action the Court's calendar. Plaintiff contends that this action should not have been dismissed. It appears that while Plaintiffs' motion for default judgment was pending, someone filed a release on the electronic docket, and this led the Court to dismiss the action. Plaintiff did not file this release and challenges its validity. Plaintiff contends there is no ground for dismissal, and the action should be restored and Plaintiff's motion for default judgment should be heard.

    This is an action for unpaid wages under the Fair Labor Standards Act ("FLSA"). On January 22, 2020, the Clerk of Court issued certificates of default against defendants Lucky Star Gourmet Deli Inc., 305 Grocery Deli Corp., Omar Allhabi, and Hamdi Allhabi (collectively, the "Defaulting Defendants"). On January 31, 2020, plaintiff moved for default judgment against the Defaulting Defendants by filing an Order to Show Cause.

    On February 4, 2020, this case was reassigned to your Honor from the Hon. Andrew L. Carter, Jr.

    On February 14, 2020, You Honor issued an Order requiring the parties to appear for a default judgment hearing on April 1, 2020.

    On February 28, 2020, a document was filed on the electronic docket. According to the electronic docket, this document was filed by Mohammed El Aalaoui and Omer A. Allababi. The document was filed using the 'Event Type' listed as "WAIVER re: GENERAL LIABILITY." A copy of that document is attached hereto as Exhibit A. The document is a release. It appears the Defaulting Defendants filed this document after receiving notice of the default judgment.

    On March 3, 2020, Your Honor dismissed this action without prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty (30) days of this Order.

Plaintiff now moves to restore because he intends to continue prosecuting this action through the filing of his default motion, and Plaintiff contends that he is no way precluded from doing so by any release between him and Defaulting Defendants.  The Defaulting Defendants have filed a release but that release does not warrant the dismissal of this action. Contrary to what is indicated on the docket, Mr. El Aalaoui, the Plaintiff, was not a co-filer in the filing of the release.  In any event, Plaintiff challenges the validity of the release and the impact of the release to this litigation cannot be determined from the present record.

For these reasons, Plaintiff respectfully requests that this action be restored, and that the Court issue an Order for a hearing on Plaintiff's motion for default judgment.

Respectfully Submitted,

/s/ *Mohammed Gangat, Esq.*
Mohammed Gangat, Esq.