```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
MOHAMMED EL AALAOUI,                                         :
                                                             :
                          Plaintiff,                         :
                                                             :      19-cv-773 (LJL)
          -v-                                                :
                                                             :      ORDER
LUCKY STAR GOURMET DELI, INC., ET AL,                        :
                                                             :
                          Defendants.                        :
                                                             :
-------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2020
```

LEWIS J. LIMAN, United States District Judge:

    This Order rules on Plaintiff's Motion to Reopen the case following the Court's Order of Dismissal, but also addresses the status of this concerning case more broadly.

### *Background*

    The Complaint in this individual FLSA case was filed on January 25, 2019 against five defendants. (Dkt. No. 1.) On February 14, 2019, Defendants Omar Allhabi and Hamdi Allhabi were served. (Dkt. Nos. 15–16.) On February 20, 2020, Defendants Lucky Star Gourmet Deli Inc. and 305 Grocery Deli Corp. were served. (Dkt. Nos. 13–14.) No action took place for over ten months.

    On January 15, 2020, the Court issued an Order to Show Cause, directing Plaintiff to show cause in writing no later than January 30, 2020 why this case should not be dismissed without prejudice pursuant to Rule 4(m) for failure to serve the remaining defendant, Ahmed Alzabidi. (Dkt. No. 18.) The same day, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 17.)

    On January 17, 2020, Plaintiff's counsel filed a Declaration in support of a Proposed Clerk's Certificate of Default. (Dkt. No. 21.) The Declaration advised that Plaintiff intended to voluntarily withdraw its claims against Ahmed Alzabidi. It did not address the failure to prosecute. It did, however, state allegations sufficient to support a Clerk's Certificate of Default. A Clerk's Certificate of Default was issued regarding Omar Allhabi, Hamdi Allhabi, Lucky Star Gourmet Deli Inc., and 305 Grocery Deli Corp. on January 22, 2020. (Dkt. No. 23.)

    On January 31, 2020, Plaintiff filed a Proposed Default Judgment (Dkt. No. 24), a Proposed Order to Show Cause (Dkt. No. 25), a Motion for Default Judgment (Dkt. No. 26), a Declaration in Support of the Motion for Default Judgment (Dkt. No. 27), and an Affidavit in Support of the Motion for Default Judgment (Dkt. No. 28). The Declaration stated that Plaintiff had filed a notice of voluntary withdrawal against Ahmed Alzabidi.

On February 14, 2020, the Court ordered all parties to appear for a default judgment hearing on April 1, 2020. (Dkt. No. 29.) The Order directed Plaintiff to serve on the parties against whom the default judgment was sought: (1) the Motion for Default Judgment and supporting papers, and (2) this Order, and to file proof of service. Plaintiff filed proof of service on February 26, 2020. (Dkt. No. 30.)

Two days later, a document titled "General Liability Waiver" appeared on the docket. (Dkt. No. 31.) The document is dated January 20, 2020 and is styled as a contract between "MOHAMED A EL AALAQUI" (on one side) and "TWO STAR LUCKY DELI INC" and "305 GROCERY DELI CORP" (on the other). In pertinent part, and transcribed here as written in the original, to include syntactical errors, it states: "Its has come to Mohamed understanding and agreement that Two Stars Lucky deli Inc, will have to pay back the insurance company the total amount of $4,000.00 as agreed by both parties, the receipt and sufficiency of which consideration is acknowledged, the Releasor releases and forever discharges the Releasee . . . from all manner of actions . . . which has been or may be sustained as a consequence of the dispute detailed below." The section below, entitled, "Details of Dispute," states: "The claim or dispute occurred as a result of: WAGES OWED WHILE EMPLOYED BY THE COMPANY." A later section, entitled "Full and Final Settlement" states that the "the terms of this settlement are fully understood" and that "[t]his Release contains the entire agreement between the parties." The document has signature lines for "MOHAMED A EL AALAQUI" as well as "TWO STAR LUCKY DELI INC" per Omer Allahabi. Signatures appear on both lines.

On March 3, 2020, the Court issued an order noting that it had received a document entitled "General Liability Waiver," which discussed the withdrawal of the case in exchange for a monetary sum. (Dkt. No. 32.) The Order explained that the Court construed the document as notice that the case has settled. Accordingly, the Court ordered the action dismissed without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action was made within thirty days of the Order.

On March 10, 2020, the Court received a letter-motion from Plaintiff's counsel, asking to reopen the case. (Dkt. No. 33.) The letter explained:

> Plaintiff contends that this action should not have been dismissed. It appears that while Plaintiffs' motion for default judgment was pending, someone filed a release on the electronic docket, and this led the Court to dismiss the action. Plaintiff did not file this release and challenges its validity. Plaintiff contends there is no ground for dismissal, and the action should be restored and Plaintiff's motion for default judgment should be heard.
> . . .
> According to the electronic docket, this document was filed by Mohammed El Aalaoui and Omer A. Allababi . . . The document is a release. It appears the Defaulting Defendants filed this document after receiving notice of the default judgment.
> . . .
> Plaintiff now moves to restore because he intends to continue prosecuting this action through the filing of his default motion, and Plaintiff contends that he is no way precluded from doing so by any release between him and Defaulting

2

Defendants. The Defaulting Defendants have filed a release but that release does not warrant the dismissal of this action. Contrary to what is indicated on the docket, Mr. El Aalaoui, the Plaintiff, was not a co-filer in the filing of the release. In any event, Plaintiff challenges the validity of the release and the impact of the release to this litigation cannot be determined from the present record.

As of this date, no Defendant has appeared.

## *Discussion*

Plaintiff's motion to reopen the case is plainly GRANTED. The Clerk of Court is respectfully directed to restore the case to the Court's calendar.

The Court is troubled by the allegations in Plaintiff's most recent letter. In essence, they accuse Defendants of filing a forged notice of settlement in order to avoid liability for employment violations. Accordingly:

**(1)** Defendants are hereby ORDERED to file a response to Plaintiff's letter (Dkt. No. 33) no later than March 30, 2020.

**(2)** If Plaintiff still seeks a default judgment, Plaintiff is ORDERED to file a Motion for Default Judgment that complies with this Court's Individual Practices in Civil Cases (available at https://www.nysd.uscourts.gov/hon-lewis-j-liman) no later than April 2, 2020. Plaintiff is advised that the Individual Practices in Civil Cases advise parties seeking default judgments *not* to proceed by order to show cause. Plaintiff shall serve the motion for default judgment and any supporting papers on Defendants. Plaintiff must file proof of service electronically on ECF.

**(3)** No later than April 9, 2020, Defendants may also respond to their alleged default.

**(4)** All parties shall appear for a default judgment hearing on April 16, 2020 at 11:00 a.m. in Courtroom 15C of the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

**(5)** Plaintiff is directed to serve, promptly, on Defendants:
    (1) this Order;
    (2) a copy of its letter-motion to reopen (Dkt. No. 33).
Plaintiff must file proof of service electronically on ECF.

SO ORDERED.

Dated: March 11, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge