UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MOHAMMED EL AALAOUI,

          Plaintiff,

v.

LUCKY STAR GOURMET DELI INC.; 305
GROCERY DELI CORP.; OMAR ALLHABI;
HAMDI ALLHABI; AHMED ALZABIDI,

          Defendants.

------------------------------------------------------------ x

No. 19-00773-LJL

**DECLARATION OF ATTORNEY MOHAMMED GANGAT, ESQ. IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

MOHAMMED GANGAT, pursuant to 28 USC 1746, I hereby declare under penalty of perjury:

    1.    I, Mohammed Gangat, an attorney duly admitted to practice in New York and in this court, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    2.    I am counsel to plaintiff Mohammed El Aalaoui ("Plaintiff") in the above-referenced matter. I submit this declaration in further support of Plaintiff's Motion for Default Judgement (the "Motion") against defendants Lucky Star Gourmet Deli Inc.; 305 Grocery Deli Corp., Omar Allhabi and Hamdi Allhabi; pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Local Civil Rule 55.2(b), and the individual rules and practices of assigned district judge Hon. Andrew L. Carter.

    3.    I have personal knowledge of the facts set forth in this declaration.

    4.    After the Motion was filed, the Court issued two Orders, ordering Plaintiff to submit additional/corrected papers in support of the Motion.

    5.    In the Order dated April 6, 2020, Docket No. 42, the Court ordered Plaintiff to file an amended proposed default judgment, specifying the amount on which that prejudgment interest accrues, at what rate, and from what date. The Order notes that original proposed default judgment

did not include a space for the calculation of interest to be filled in.

6.  Plaintiff has filed an amended proposed default judgment as required by the Court's Order. See Docket No. 44.

7.  Below, Plaintiff sets forth the basis for the prejudgment interest rate, date when interest begins to accrue and amount it accrues. This is set forth below under the title: "POINT I: PREJUDGMENT INTEREST."

8.  In the Order dated April 7, 2020, the Court ordered Plaintiff to file an amended proposed default judgment, correcting any errors in the amount of the judgment requested, and to file motion papers in support of the corrected amount. The Order notes that the original proposed default judgment may have been based on an incorrect assumption regarding the number of days Plaintiff worked.

9.  Indeed, the original proposed default judgment was based on an incorrect assumption regarding the number of days worked which resulted in an incorrect calculation of damages. The amended default judgment corrects the error. And, Plaintiff explains below how this error occurred and the basis for the correct calculation. This is set forth below under the title: "Point II: CORRECTED DAMAGES CALCULATION."

### POINT I: PREJUDGMENT INTEREST

10. Section 5001 of the New York Civil Practice Law and Rules ("CPLR") provides that "[w]here such damages were incurred at various times, [prejudgment] interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR § 5001 (b). Prejudgment interest accrues at 9% per annum on a simple interest basis. CPLR § 5004.

11. Where defendants are in "default, it is appropriate to calculate prejudgment interest

based on assumptions and methodologies that are favorable to plaintiffs." See Zeng Liu, et al. v. Jen Chu Fashion Corp. et al, 2004 U.S. Dist. LEXIS, at *16-17. Prejudgment interest is available for unpaid minimum wages and overtime claims under the New York Labor Law. See Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883, at * 26-28 (S.D.N.Y. May 8, 2007); Zeng Liu, *supra*, 2004 U.S. Dist. LEXIS, at *16-17. It is available even where the plaintiff is awarded liquidated damages under the Labor Law. Id.

12. Prejudgment interest is equally available for unpaid wage claims under the FLSA. See Perera v. Food Jungle, Inc., No. 05 Civ. 4347, 2006 U.S. Dist. LEXIS 73409, at *29-30 (E.D.N.Y. Aug. 7, 2006). However, prejudgment interest generally is only awarded under the FLSA in the absence of an award of liquidated damages under the FLSA. Chan, supra, 2007 U.S. Dist. LEXIS 33883, at *26.

13. Here, Plaintiff incurred unpaid overtime compensation at different times - i.e., each week in which Plaintiff should have received his unpaid wages . In such a situation, it is reasonable to calculate prejudgment interest from the "midpoint of the accrual of damages." Zeng Liu, *supra*, 2004 U.S. Dist. LEXIS, at *16-17; Food Jungle, *supra*, 2006 U.S. Dist. LEXIS 73409, at* 29-30.

14. A "reasonable intermediate date" from which to calculate prejudgment interest on Plaintiff's unpaid wage damages is "halfway between when [plaintiff] began and ceased working for the defendants." Food Jungle, 2006 U.S. Dist. LEXIS 73409, at* 29-30.; CPLR § 5001 (b).

15. Plaintiff's employment began on May 22, 2016, and ended on August 19, 2018. See Affidavit of Mohammed El Aalaoui in Support of Motion for Default Judgment, dated January 31, 2020 ("Pl. Aff.") (Docket No. 39).

16. The halfway in this period of employment is approximately July 5, 2017.

17. As set forth in further detail, below, Plaintiff calculates his unpaid wages as $115,830,

see Pl. Aff. ¶13-14.

18.     Accordingly, prejudgment interest on Plaintiff's overtime compensation under the NYLL should be calculated on the unpaid wages amount of $115,830 at 9% per annum from July 5, 2017, through the date of judgment in this matter. Stated differently, prejudgment interest is accruing at $28.56 per day (9% of $115,830 = $10,424.7 divided by 365 days = $28.56 per day).

### POINT II: CORRECTED DAMAGES CALCULATION

19.     The original proposed default judgment set forth an incorrect calculation of damages. The error resulted from Plaintiff's attorney calculating damages based on a six day workweek. The calculation should have been based on a seven day workweek, which is what was alleged in the complaint, and confirmed in the Plaintiff's affidavit submitted in support of the Motion.

20.     Notably, the Court's Order, dated April 7, 2020, Docket No. 43, points out the allegations in the complaint and the Plaintiff's affidavit were consistent in that both state Plaintiff worked 7 days per week:

> Page 5, Paragraph 31 of the Complaint states that Plaintiff worked "a regular schedule consisting of seven (7) days a week, twelve hours each day for wages of six hundred dollars per week." That is consistent with paragraph 5 of the affidavit of the plaintiff. However, the proposed default judgment seeks judgment for unpaid wages based on the assumption that Plaintiff worked a schedule of six days a week, 12 hours per day.

Order, dated April 7, 2020, Docket No. 43.

21.     As Plaintiff's counsel, I made a mistake when performing the calculation. I a regretful about making the mistake and thankful for this opportunity to correct it. Here, the correct calculation should be based on a 7 day workweek.

22.     I note that the correct calculation is set forth in Plaintiff's Affidavit at paragraphs 13-15. As set forth in that calculation, Plaintiff calculates overtime damages by first deriving his

regular hourly rate, multiplying that rate by 1.5 to arrive at his overtime rate, and then multiplying the overtime rate by the total number of overtime hours worked during the employment. This yields a figure of $115,830, representing Plaintiff's unpaid wages.

23. Accordingly, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against the Defendants as set for the amended proposed default judgment.

Dated: April 10, 2020
New York, NY

*/s/ Mohammed Gangat*
MOHAMMED GANGAT, ESQ.

*Counsel for Plaintiff Mohammed El Aalaoui*