# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

May 15, 2020

*Via Electronic Filing*
The Honorable Judge Lewis J. Liman
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   *El Aalaoui v. Lucky Star Gourmet Deli Inc. et al*
      **Case No.: 19-cv-00773**

Dear Honorable Judge Liman:

This law firm has recently been engaged by Defendants 305 Grocery Deli Corp., Omar Allhabi and Hamdi Allhabi (collectively, the "**Defendants**"), in the above-referenced action.

Pursuant to Your Honor's Individual Motion Practice Rules 1(B), this letter respectfully serves to request a pre-motion telephonic conference on Defendants' contemplated Order to Show Cause to Vacate the Default Judgment entered on April 16, 2020 [Dckt. No. 48] (the "**Default Judgment**") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("**Fed. R. Civ. Pro**"), and to temporarily restrain Plaintiff from enforcing or collecting upon the Default Judgment pursuant to Fed. R. Civ. Pro. 65(b).

This letter further respectfully serves to request an emergency hearing at which Plaintiff is required to personally participate via teleconference so that the Court can make the determination of whether it is proper to dismiss the case pursuant to Fed. R. Civ. Pro. 41[1], in light of the Notice of Settlement filed on February 28, 2020 [Dckt. No. 31]. While we appreciate that this is an unusual request, it appears that a settlement had been achieved directly between the Plaintiff and certain of the named defendants in this action.

**I.    Legal Standard**

Motions to vacate default judgments "are to be granted liberally" in light of the fact that default judgments are "disfavored in the Second Circuit." *Global Gold Mining, LLC v. Ayvazian*, 983 F.Supp.2d 378, 383-84 (S.D.N.Y. 2013); *State Street*, 374 F.3d at 168; *accord Star Asia Int'l, Inc. and Star Asia Customs, Trade & Sec., Inc., v. Old Dominion Footwear, Inc., et al.*, 2019 WL 2371632, at *1 (S.D.N.Y. 2019). In deciding a motion to set aside a default judgment, "doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (*citing Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)); *accord Levy v. Nierman*, 2019 WL 147462, at *2 (S.D.N.Y. 2019). Therefore, when

---

[1] "…an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2).

1

considering the Defendants' contentions, the Court "accepts as true" Defendants' assertions. *Getty Properties Corp.*, 2017 WL 1498041, at *3."

Fed. R. Civ. P. 60(b) provides that a court may relieve a party or its legal representative from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect… (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged…or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). In the instant case, each of the foregoing subsections of Rule 60(b) warrants vacatur of the Default Judgment because:

1. Defendants were under the impression that the action had been dismissed following the consummation of a settlement agreement duly executed and notarized by Plaintiff, in the presence of a Notary Public on or around January 20, 2020. [*See* Dckt. No. 31];

2. Defendants were never properly served with: (i) Your Honor's February 14, 2020 Order; (ii) Plaintiff's March 10, 2020 letter motion to reopen the action; (iii) Your Honor's March 11, 2020 Order; (iv) Plaintiff's Motion for Default Judgment; or (v) Notice of the April 16, 2020 Teleconference. [*See* Dckt. Nos. 29, 34]; and

3. Defendants were never properly served with the Summons and Complaint, pursuant to FRCP 4(e) or CPLR § 308.

### A. "Mistake, Inadvertence, Surprise, or Excusable Neglect" Exists Under Fed. R. Civ. Pro. 60(b)(1)

The "excusable neglect" standard is guided by three principal factors: "(i) whether the default was willful; (ii) whether the defendant demonstrates the existence of a meritorious defense; and (iii) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *White Plains Hous. Auth. v. Getty Properties Corp.*, 2017 WL 1498041, at *3 (S.D.N.Y. 2017) (*citing State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166167 (2d Cir. 2004)).

#### i. Defendants' Default was not Willful

As explained in detail further below, Defendants' failure to answer the complaint clearly falls within the realm of excusable neglect.

First, Defendants were never properly served with the Summons and Complaint *See* Section B, *infra*.

Second, after receiving constructive notice of the lawsuit, Defendants contacted Plaintiff, who communicated an intention to dismiss the case. [*See* Dckt. No. 31].

On or around January 20, 2020, the parties entered into a settlement agreement, attested to before Alberto Curi, Jr., a Notary Public qualified in the State of New York. The settlement agreement was subsequently filed with the Court on February 28, 2020. [Dckt. No. 31].

After Plaintiff's counsel moved to reopen the action on March 10, 2020 [Dckt. No. 33], the President of the United States declared a national emergency, the Governor of New York banned large gatherings and issued a stay-at-home mandate, and the Centers for Disease Control and Prevention and other public health authorities advised taking precautions to reduce the possibility of exposure to the novel Coronavirus. *In re Coronavirus/COVID-19 Pandemic* [M10-468, 20-MISC-00155].

Beginning on or around March 10, 2020, Defendants – who are at high risk of COVID-19 – were home-bound. Despite this critical fact, Plaintiff's counsel proceeded to serve Defendants with copies of essential Court Orders and filings, exclusively through USPS snail mail to the following address: 305 East 181st Street, Bronx, New York 10457. [*See* Dckt. Nos. 35, 36, 41, 46, 47]. As explained in Section B, *infra*, the 305 East 181st Street address was neither individual defendants, "actual place of business, dwelling house or usual place of abode", rendering it ineffective for purposes of service of process.

### ii. Defendants have a Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Mason Tenders Dist. Council of Greater New York v. WTC Contracting, Inc.,* 2011 WL 4348152 (S.D.N.Y. 2011) (*quoting State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir.2004)). The defendants must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Johnson v. New York Univ.*, 324 F.R.D. 65, 72 (S.D.N.Y. 2018).

This is an action under the Fair Labor Standards Act ("**FLSA**") and the New York State Labor Law ("**NYLL**") brought by one (1) individual against their former employer for alleged violations of federal and state minimum wage, overtime, and recordkeeping violations.

The individual defendant Omar Allhabi owns and operates one small deli where the Plaintiff worked as a general worker. According to the underlying complaint filed on January 25, 2019 [Dckt. No. 1] (the "**Complaint**"), Plaintiff worked at the business as follows:

| Plaintiff | Start | End | Hours per Week | "Credited" Weekly Pay |
|---|---|---|---|---|
| Mohammed El Aalaoui | 5/22/2016 | 8/1/2018 | 84 | $600 |

3

The Complaint alleges the following causes of action:

FIRST:  Unpaid minimum wages and overtime wages under the FLSA;

SECOND:  Unpaid minimum wages, overtime wages, and spread-of-hours pay under the FLSA; and

THIRD:  Failure to provide wage statements and wage notices under the NYLL and wage theft-prevention act.

At bottom, this case does not belong in federal court because the Plaintiffs cannot satisfy the elements for an FLSA overtime claim because the business, a small deli, (i) does not use goods or participate in any meaningful way in "interstate commerce" and (ii) the business falls well below the "enterprise coverage" liability threshold, both of which are fatal to the over-time component of an FLSA claim.

Next, Plaintiff's claim for minimum wage violations and spread-of-hours contradict the allegations in the boilerplate Complaint.

Plaintiff chooses to apply the calculation contained in § 142-2.5 of 12 NYCRR 142 (Minimum Wage Order for Miscellaneous Industries and Occupations), to arrive at a derived regular rate of pay of $15.00 per hour for the relevant period. [*See* Dckt. Nos. 38 at ¶ 32, 39 at ¶ 12]. This amount reflects a substantial premium above the prevailing minimum wage in the relevant years 2016[2] ($9.00), 2017[3] ($11.00), and 2018[4] ($13.00). There is no question, then, that Plaintiff was paid an hourly rate equal to or above the prevailing minimum wage for each year employed. Thus, Plaintiff's claim for minimum wage violations are meritless, and contradict the allegations in the boilerplate Complaint

As a matter of law, if an employee is paid at a regular hourly rate that is in excess of the applicable minimum wage, as Plaintiff alleges here, the employee is not entitled to a spread-of-hours payment. *See, Zubair v. Entech Engineering P.C.*, 808 F.Supp.2d 592 (S.D.N.Y. 2011) (spread-of-hours claim only applicable to employees being paid minimum wage); *Espinosa v. The Delgado travel Agency, Inc.* 2007 WL 656271 (S.D.N.Y. 2007) (spread-of-hours pay is not applicable when employee is paid above minimum wage).

Furthermore, Plaintiff cannot show that Hamdi Allhabi was Plaintiff's "employer" under the FLSA or NYLL.

In making the determination of individual liability under the FLSA or NYLL, a court should consider the totality of the circumstances that constitute the economic reality of the employer-employee relationship. Factors that bear on the economic realities of the employer-employee relationship include, but are not limited to, whether the individual defendant has the authority to: (1) hire and fire employees; (2) supervise and control employees' work schedules or

---

[2] *See* 12 NYCRR 142 § 142-2.1, as amended Effective December 31, 2013.

[3] *See* 12 NYCRR 142 § 142-2.1, as amended Effective October 6, 2017.

[4] *See id.*

conditions of employment; (3) determine the rate and method of payment for employees; and (4) maintain employment records for employees. No one of these factors standing alone is dispositive.

Courts must take additional considerations into account when a plaintiff seeks to hold an individual liable for labor law violations. When assessing whether an individual within a company that undisputedly employs a worker is personally liable for damages as that worker's employer, courts apply the four-factor test mentioned above also consider other factors bearing upon the overarching concern of whether the alleged employer possessed the power to control the workers in question. The most salient of these other factors is operational control – *i.e.* an individual defendant's possession of control over a company's actual operations in a manner that relates to a plaintiff's employment. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment."

Here, there is no legal or evidentiary basis to support a finding of individual liability against Hamdi Allhabi. *Yu Y. Ho v. Sim Enterprises, Inc*., 2014 WL 1998237, at *11 (S.D.N.Y. 2014). He never exercised operational control over the business's day-to-day functions, nor did he exercise control over the nature or the structure of any employment relationships.

Lastly, Plaintiff's allegations of a seven-day, 84 hours per week schedule beginning in May 2016 are grossly exaggerated and are refuted by business records. Defendants intend to introduce evidence establishing that: (i) they purchased the business from co-defendant Ahmed Alzabidi and Lucky Star Gourmet Deli Inc.; (ii) that Plaintiff only worked at the deli located at 856 East 180th Street, Bronx, New York, 10460, and not at the other location identified at the Complaint; and (iii) that Plaintiff was properly compensated for all hours worked under the FLSA and NYLL pursuant to, *inter alia*, 29 C.F.R. § 778.400.

Under the FLSA, the "regular rate" is determined by "dividing an employee's total remuneration for employment – except statutory exclusions – in any workweek by the total number of hours actually worked." 29 C.F.R. § 778.109 (emphasis added). The statutory exclusions to the method of calculation of the straight-time hourly wage calculation under the FLSA are contained in Section 7(g)(3) of the Act. Section 7(g)(3) of the Act provides the following exception from the provisions of Section 7(a):

> (g) No employer shall be deemed to have violated subsection (a) by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked
> \* \* \* \* \*
> (3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder: Provided, That the rate so established shall be authorized by regulation by the Secretary of Labor as being substantially

> equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time; and if (1) the employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of subsection (e) are not less than the minimum hourly rate required by applicable law, and (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

29 C.F.R. § 778.400 (emphasis added).

Here, the Parties had an understanding that Plaintiff's weekly pay was intended to cover Plaintiff's straight-time hours and any overtime hours he may have worked.

This understanding of the salary arrangement can be inferred from the entire course of the employment history, and will be further established on the testimonial evidence of Plaintiff, the individual Defendant, and Plaintiff's co-workers.

### iii.     Plaintiff Would Not be Prejudiced

"The final factor a court must consider on a Rule 60(b) motion is whether and to what extent vacating the default judgment will prejudice the non-defaulting party." *Green*, 420 F.3d at 110. "Delay standing alone does not establish prejudice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993); *accord PMJ Capital Corp. v. Bauco*, 2018 WL 485973, at *6 (S.D.N.Y. 2018).

Plaintiff has not shown that he will suffer the type or extent of prejudice that would warrant the denial of the motion to vacate the default. The third factor weighs in favor of Defendants.

### B. The Judgment is Void Under Fed. R. Civ. Pro. 60(b)(4) Because this Court Lacks Personal Jurisdiction Over the Individual Defendants

A court may set aside a judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) where the judgment is void. Fed.R.Civ.P. 60(b)(4). "If a court enters a judgment by default in the absence of personal jurisdiction, the judgment is void within the meaning of Rule 60(b)(4)." *Ahn v. Inkwell Publ'g Solutions, Inc.*, 2013 U.S. Dist. LEXIS 86706, at *7 (S.D.N.Y. 2013) (citation and quotation marks omitted). When either subject matter or personal jurisdiction is contested under Rule 60(b)(4), the burden of proof is properly placed on the party asserting that jurisdiction existed. *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986) (*citing Leab v. Streit*, 584 F.Supp. 748, 754 (S.D.N.Y. 1984)).

Here, Plaintiff failed to properly serve the individual defendants pursuant to Fed. R. Civ. Pro. 4(e)[5].

---

[5] (e) **Serving an Individual Within a Judicial District of the United States**. …[A]n individual…may be served in a judicial district of the United States by… (2) doing any of the following:
   (A) delivering a copy of the summons and of the complaint to the individual personally;

Plaintiff attempt to effect service in this case by leaving a copy of the summons and complaint with an unnamed person at the address located at 305 East 181st Street, Bronx, NY 10457, and by mailing copies to that address. [*See* Dckt. Nos. 15, 16].

It is undisputed that the individual defendants were never personally served. Nor were the individual defendants served by leaving copies of the summons and complaint at a location qualifying as their "dwelling house or usual place of abode." Thus, service was not affected pursuant to Fed. R. Civ. Pro. Rule 4(e).

Tellingly, Exhibit "J" to Plaintiff's Declaration in Support of Motion for Default Judgment [Dckt. No. 38-10], is a .pdf that Plaintiff's counsel refers to as a "timesheet reflecting [his] work in this matter." In a stunning admission, Plaintiff's counsel notes that he spent a combined total of **one hour** researching service of process in this action. The entry dated January 28, 2019 notes that Plaintiff's counsel spent **30 minutes** researching "individual defendants place of residence". [*See id*.] However, it is undisputed here that Plaintiff **never attempted** to serve the individual defendants at their residence. Plaintiff's counsel's own admissions underscore that service of process in this action was wholly improper.

Nor was service of process effected pursuant to CPLR § 308, which provides, in relevant part, as follows:

Personal service upon a natural person shall be made by any of the following methods:

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence....

CPLR § 308. The threshold issue, here, is that 305 East 181st Street, Bronx, NY 10457 was neither individual defendant's "actual place of business". The individual defendants will affirm that they did not work at the deli located at 305 East 181st Street, Bronx, NY 10457. For that same reason, the summons and complaint were not delivered to a person of "suitable age and discretion." The affidavits of service reflect attempted service on "John Doe" (Co-Worker). [*See* Dckt. Nos. 15, 16]. However, neither individual defendant worked at that premises. Therefore, the attempted service on another individual who purportedly held himself out to be a co-worker was improper.

---

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro 4(e).

**C. Plaintiff Must be Temporarily Restrained from Enforcing the Default Judgment**

Under Fed. R. Civ. Pro. 65(b), this Court may restrain a party or any other persons from actions which might irreparably harm another party. In the instant case, the seizure of assets from Defendants would make it impossible for their business to function and earn income.

It would be detrimental to their ability to satisfy any judgment in the unlikely event one is awarded against them once all the facts surrounding this litigation are fully vetted.

The Default Judgment amount of $275,391.96 would wipe out Defendants.

**II.     Conclusion**

For the reasons set forth above, Defendants respectfully request: (i) a pre-motion telephonic conference on Defendants' anticipated Order to Show Cause to Vacate the Default Judgment pursuant to Fed. R. Civ. Pro. Rule 60(b), and to temporarily restrain Plaintiff from enforcing or collecting upon the Default Judgment pursuant to Fed. R. Civ. Pro. 65(b); and (ii) a hearing at which Plaintiff is ordered to personally attend so that the Court may determine whether an action may be dismissed "by court order, on terms that the court considers proper," pursuant to Fed. R. Civ. P. 41(a)(2).

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2525
New York, New York 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants 305 Grocery Deli Corp., Omar Allhabi and Hamdi Allhabi*