## Law Office of Mohammed Gangat
*Representing Employees in Employment and Discrimination Law*

675 Third Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatpllc.com

**May 21, 2020**

*via ECF*

Hon. Lewis J. Liman, USDJ
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        Re:    *El Aalaoui v. Lucky Star Gourmet Deli Inc. et al.*, 19-cv-773-LJL

To the Honorable Judge Liman:

      I represent the Plaintiff, Mohammed El Aalaoui in the above-referenced action and submit this letter in response to the letter from counsel for defendants 305 Grocery Deli Corp., Omar Allhabi and Hamdi Allhabi (collectively, the "Defendants"), dated May 15, 2020 [ECF #50].

      Defendants seek a pre-motion conference for their contemplated Order to Show Cause. Defendants' motion would be to vacate the default judgment in this action, and obtain a TRO prohibiting Plaintiff from enforcing or collecting upon the judgment. Plaintiff discusses below the reasons why that motion will be unsuccessful, and why before such a motion is briefed, the Court should order limited discovery on factual issues related to defendants' claims of a meritorious defense.

      In addition to seeking a pre-motion conference for their contemplated Order to Show Cause, Defendants also seek an "emergency hearing at which Plaintiff is required to personally participate via teleconference so that the Court can make the determination of whether it is proper to dismiss the case pursuant to Fed. R. Civ. Pro. 41, in light of the Notice of Settlement filed on February 28, 2020 [Dckt. No. 31]." (Defendants' May 15 Letter, at p. 1.) There is no cited legal authority for this extraordinary request. And Defendants have not put forward sufficient factual evidence to support granting such extraordinary relief.

      **1.  The Default Judgment Should Not Be Vacated**

           a.  *Ineffective Service*

      Defendants argue Plaintiff failed to serve the Complaint on defendants Omar Allhabi and Hamdi Allhabi (the "Individual Defendants"). Plaintiff agrees that a failure to serve the complaint on a defendant renders the judgment void as per FRCP 60(b)(4). According to Defendants, Plaintiff used the wrong address. Defendants intend on submitting affidavits to prove that the address Plaintiff used was not the Individual Defendants' actual place of business.

New York law provides for personal service upon a natural person via delivery of summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," and by mailing the summons to that defendant at his or her last known residence or actual place of business.  CPLR § 308(2).

Plaintiff will easily meet this standard by providing his own affidavit and the affidavit of the process server in this case.  Plaintiff's affidavit will state that, based on his personal knowledge, Plaintiff knows that the address in the process server's affidavit was, in fact, the actual place of business.  This will show that service on the Individual Defendants was proper.

    b. *Willfullness*

In order to for Defendants to establish grounds for vacatur, Defendants must show that their default was not willful. Default is considered willful for purposes of 60(b)(1) "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 533 (E.D.N.Y. 2007) (rejecting movant's willfulness argument based in part on fact that movant had been sued before and was aware from the experience the consequences of letting a default judgment be taken against it); *Quintana v. Young Blooming, Inc.*, 12-CV-120 (DLI)(MDG), 2016 WL 1273231, at *5 (E.D.N.Y. Mar. 30, 2016) (finding willfulness where "Defendants knew that this action was pending against them and that it required their attention" and noting that "[w]hile understandable that they would not grasp the legal complexities of litigating wage and hour claims in federal court, it was not excusable for them simply to ignore this case altogether")

Defendants claim that after receiving constructive notice of the lawsuit, they reached out to Plaintiff, communicated an intention to settle, and then on or around January 20, 2020, before a Notary Public, a settlement was reached.  Accordingly, they were surprised by the default judgment and did not intend to avoid their obligations in court.  In making this claim, Defendants gloss over the timeline, and obscure the facts.  As discussed below, the fact of the matter is that Defendants have been harassing and threatening Plaintiff in an attempt to have him back down from the lawsuit from the moment it was served upon them.  It was only once a judgment was issued against them putting their assets in peril that they decided to address this matter through the courts.

This lawsuit was commenced on January 25, 2019. Defendants admit that in February 2019, Plaintiff properly served Defendant 305 Grocery Deli Corp., a business owned by the Individual Defendants, (see Defendants' Letter, p. 5).  In March 2019, Defendants contacted me in an attempt to settle but no settlement was reached.  Thereafter, for several months, Defendants continued to contact me and contact Plaintiff promising that they were securing money to pay Plaintiff a settlement.  I consistently reminded Defendants that they needed a lawyer and that we would continue to prosecute them in Court.

Throughout the default judgment process, Defendants were fully aware of every action Plaintiff took and received copies of everything that Plaintiff attempted to serve.  Plaintiff knows this and can attest to this because the Defendants were actively communicating with him.  Thus,

Defendants' claim that they assumed this case was over when they filed a waiver of liability on the docket should be viewed as without merit.

      c. *Meritorious Defense*

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004).

Defendants first argue there is no jurisdiction because of the size and nature of their business. Defendants offer no evidence in support of this argument. Plaintiff can provide an affidavit that based on his working at the business, he knows how much money they business makes and can attest that the jurisdictional threshold is met.

Defendants argue that no spread of hours should be awarded in the judgment. Plaintiff concedes there is legal authority to not award spread of hours for some portion of the employment period. This, however, is not a meritorious defense because in the context of FLSA actions, a "complete defense" is one that proves there was no violation of the FLSA, and not one that merely speaks to the quantum of damages. *See Belizaire v. RAV Investigative and Sec. Services, Ltd.*, 310 F.R.D. 100, 105 (S.D.N.Y. 2015) (in FLSA action alleging failure to pay on a timely basis, Rule 60(b)(1) movant failed to show a meritorious defense where it conceded that a few payments were untimely and only challenged the number and the timing of the late wage payments).

Individual Defendant Hamdi Allhabi argues that there is no evidence in the record supporting a finding that he was Plaintiff's employer. He is wrong. The record includes Plaintiff's Affidavit in Support of Motion for Default Judgment, Docket No. 39, and there, at paragraph 6, Plaintiff attests to the fact that Hamdi Allhabi set the terms and conditions of his employment.

Defendants argue that the Plaintiff exaggerates how many hours he worked, and that in there was an agreement between the parties that Plaintiff's weekly pay could cover all of his straight-time hours and any overtime hours he would have worked. Defendants say their business records prove all of this. Defendants have not provided any business records. I did meet and confer with Defendants and requested we agree to a limited discovery schedule and put off the motion. Defendants refused the request. Without reviewing the business records, Plaintiff cannot offer a substantive response, other than to refer to his sworn testimony which refutes that there was any agreement between the parties pertaining to overtime compensation, and which reflects Plaintiff's recollection of wages paid and hours worked.

Plaintiff offers that in a unpaid wage controversy such as this one, Defendants ought to be required to produce in discovery, at a minimum, the wage and hour records, which they contend support their meritorious defense, prior to the parties engaging in briefing on the matter.

      d.  Prejudice

Courts find that where there vacating a default may hinder the ability to satisfy a judgment, it is appropriate to require as a condition of vacating the default, that defendants posts a bond with the Court. Plaintiff requests that as a precondition of any vacatur in this action, Defendants be required to post a bond.

    2.  Temporary Restraining Order

"[T]he traditional standards which govern consideration of an application for a [TRO] . . . are the same . . . as those which govern a [PI]." *Local 1814, Int'l Longshoremen's Ass'n, AFL– CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir.1992). "A preliminary injunction is considered an 'extraordinary' remedy that should not be granted as a routine matter." *See Ahmad v. Long Island Univ.*, 18 F. Supp. 2d 245, 247 (E.D.N.Y. 1998) (quoting *JSG Trading Corp. v. Tray– Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir.1990)). The decision to grant or deny it rests in the district court's "sound discretion." *Id*. To obtain a preliminary injunction, a moving party must show: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by the requested relief. *Salinger v. Colting*, 607 F.3d 68, 80–83 (2d Cir. 2010).

Plaintiff submits that Defendants have not shown a likelihood of success on the merits of their motion seeking to vacate default and therefore no temporary restraining order should be allowed. Furthermore, the public interest would not be served by allowing the requested relief. It would simply incentivize New York corporations to, rather than hire a lawyer and respond to the lawsuit in Court, take their chances threatening and harassing their employees into submission outside of Court.

Moreover, Plaintiff submits that to the extent a temporary restraining order is issued, it should only be done with an order requiring defendants to submit to discovery, so that the parties may immediately proceed to developing the factual record that would be needed to resolve all of the issues raised by Defendants' contemplated motion.

Thank you for your attention to this matter.

                            Respectfully Submitted,

                            /s/ *Mohammed Gangat, Esq.*
                            Mohammed Gangat, Esq.