UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
MOHAMMED EL AALAOUI, :
:
Plaintiffs, :
: 19-cv-773 (LJL)
-v- :
: ORDER
LUCKY STAR GOURMET DELI INC., et al., :
:
Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants seek dismissal of this case for Plaintiff's failure to prosecute. For the following reasons, Defendants' motion is granted.

## PROCEDURAL HISTORY

The complaint in this case was filed on January 25, 2019. Dkt. No. 1. Plaintiff alleged that Defendants had failed to pay him minimum wage and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, N.Y. Lab. L. § 190, *et seq*. For nearly a year after filing his complaint, Plaintiff took no action to advance the case. Dkt. No. 79-1 at 1. On January 15, 2020, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Dkt. Nos. 17-18. On January 17, 2020, Plaintiff filed a proposed clerk's certificate of default in response to the order to show cause. On January 21, 2020, Plaintiff refiled the proposed certificate of default, which the Clerk of the Court entered the following day. On January 31, 2020, Plaintiff filed a motion for default judgment. Dkt. No. 27.

Plaintiff did not disclose to the Court that, on January 20, 2020, he and the Defendants

had entered into a settlement agreement (the "Settlement Agreement") that released the corporate defendant 305 Grocery Deli Corp. as well as its "administrators" and "legal representatives" from all actions arising out of the dispute. Dkt. No. 79-2 ¶ 3. The Settlement Agreement was filed with the Court on February 28, 2020, Dkt. No. 31, and the Court accordingly dismissed the motion for default judgment as moot and dismissed the case without prejudice. Dkt. No. 32.

On March 10, 2020, Plaintiff's counsel filed a letter motion to reopen the case. Dkt. No. 33. The letter stated that Plaintiff "did not file [the] release" and "challenge[d] its validity. *Id*. at 1. Plaintiff moved the Court to restore the action and indicated his intention to continue prosecuting the action. *Id*. at 2. On March 11, 2020, the Court entered an order granting the motion to reopen the case. Dkt. No. 34. The Court expressed its concern about the Plaintiff's allegation that Defendants had "fil[ed] a forged notice of settlement in order to avoid liability for employment violations." *Id*.

On April 10, 2020, Plaintiff filed an amended motion for default judgment against Defendants. The Court held a telephonic hearing on April 16, 2020, but neither Plaintiff nor Defendants appeared. Dkt. No. 34. The Court entered a default judgment against Defendants in the amount of $231,660. Dkt. No. 48.

On May 15, 2020, counsel for Defendants filed notices of appearance. Dkt. No. 51. On June 8, 2020, Defendants filed a motion to vacate the default judgment. Dkt. No. 63. Defendants claimed that Plaintiff's counsel had misled the Court and that the case had been settled and dismissed pursuant to the Settlement Agreement.

On June 14, 2020, Plaintiff's counsel filed a motion to withdraw on the basis that "Plaintiff ha[d] stopped communicating with" him. Dkt. No. 72 ¶ 2. On June 25, 2020, the Court granted counsel's motion to withdraw and ordered Plaintiff to respond to Defendants'

motion to vacate the default judgment by August 13, 2020.  Dkt. No. 75.  Plaintiff failed to file opposition papers.  On August 17, 2020, the Court granted the motion, vacating the default judgment.  Dkt. No. 76.  The Court scheduled an initial pre-trial conference for September 14, 2020, at which Plaintiff did not appear.  Dkt. No. 77.  The Court advised Defendants that they could file a motion to dismiss the case for Plaintiff's failure to prosecute.  *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  "Dismissal for lack of prosecution . . . is a matter committed to the discretion of the district court."  *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).  Dismissal for failure to prosecute is "a harsh remedy to be utilized only in extreme situations," but it is nonetheless "vital to the efficient administration of judicial affairs."  *Lyell Theatre Corp. v. Lowes Corp.*, 682 F.2d 37 (2d Cir. 1982) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal' (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion as carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

In light of these factors, dismissal for failure to prosecute is proper here.  First, Plaintiff's failure to prosecute has caused substantial delays in this action.  After filing his complaint,

3

Plaintiff did not prosecute the action for nearly a year, moving forward only after the Court issued an order to show cause.  Subsequently, Plaintiff delayed this action by failing to communicate with counsel and then by failing to appear at the initial pre-trial conference.  The case has been pending for nearly two years, with no significant action from Plaintiff.  Second, Plaintiff has been notified on at least two occasions that failure to prosecute could result in dismissal: first, when the Court issued its order to show cause, Dkt. No. 17, and second, in its September 15, 2020 order granting Defendants leave to move for dismissal.  Dkt. No. 77.  Although there is no specific evidence on the record that delay will prejudice Defendant, "prejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp.*, 682 F.2d at 42.  Fourth, Plaintiff has had ample opportunity to advance this litigation and has abandoned his case; his opportunity for a day in court will thus not be compromised by dismissal.  *See, e.g.*, *Hibbert v. Apfel*, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.").  Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . . and failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'"  *Edwards v. Horn*, 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012) (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010)).

      For the foregoing reasons, the case is DISMISSED for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

      SO ORDERED.

4

Dated: January 4, 2021
      New York, New York

                                   LEWIS J. LIMAN
                         United States District Judge